UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TIERRA ALLEN,<br>    Plaintiff<br><br>  v.<br><br>TFT GLOBAL INC., and<br>SUBARU OF INDIANA AUTOMOTIVE, INC.<br>    Defendant(s). | Cause No.:  4:20-cv-31 |

## COMPLAINT

Plaintiff Tierra Allen, by and through her attorney, Kyle Dietrich, alleges and states as follows:

## PRELIMINARY STATEMENT

1. The Plaintiff Tierra Allen ("Allen"), brings this action against Defendants TFT Global Inc. ("TFT") and Subaru of Indiana Automotive, Inc. ("SIA"), for violations of Title VII of the Civil Rights Act of 1964 (Title VII)(42 U.S.C. § 2000e).

2. TFT is a staffing firm that provides temporary employees to several clients, including SIA. TFT hired Allen on November 24, 2018. During her tenure at TFT, Allen was promoted to the position as Shift Lead. Despite Allen's high regard and respected work ethic, Allen's immediate supervisor subjected her to race and color discrimination and retaliation. On January 9, 2019, after nearly two months of service to TFT, Defendant told Allen that she was not allowed back to work without giving a reason.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII of the Civil Rights Act of 1964. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3), in that the Allen worked in this district at the time of the alleged unlawful employment practice.  Venue is also proper in that TFT does business in this district.

## CONDITIONS PRECEDENT

5. On July 5, 2019, Allen timely filed charges of race and color discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

6. On or about February 24, 2020, the EEOC issued Allen a Dismissal and Notice of Suit Rights.  A true and accurate copy is attached as Exhibit A.  This Complaint has been filed with 90 days of receipt of that Notice. Allen has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

7. Allen is an employee, as defined by Title VII of the Civil Rights Act of 1964 Title VII and 42 U.S.C. § 2000e(f).

8. Upon information and belief, TFT is a foreign corporation with corporate headquarters located in Tillsonburg, Ontario, Canada. TFT maintains offices and does business

in Lafayette, Indiana. TFT is an employer as defined by Title VII of the Civil Rights Act of 1964 Title VII and 42 U.S.C § 2000e(b).

9. Upon information and belief, SIA is an Indiana corporation with corporate headquarters located in Lafayette, Indiana. SIA maintains offices and does business in Lafayette. SIA is an employer as defined by Title VII of the Civil Rights Act of 1964 Title VII and 42 U.S.C. §2000e(b).

## **FACTS**

10. TFT is a staffing firm that provides temporary employees to SIA.

11. Allen began working for TFT on November 24, 2018 as a team leader.

12. Although Allen was employed directly by TFT, SIA controlled several of the means by which the agency was accomplished, including: the location of the work, the skill required, the source of the instrumentalities and tools, discretion over when and how long to work, the provision of employee benefits, and the tax treatment of the employee.

13. During her employment, Allen performed many job tasks including, but not limited to, providing hands on supervision of assigned inspectors and providing work instructions, performance appraisals, and competency reviews of inspectors.

14. Prior to her complaint against her supervisors, Sherri and Jeff, Allen was never reprimanded by a supervisor for her job performance.

15. On or about January 8, 2019, Sherri, a TFT employee and Allen's immediate supervisor made inappropriate comments about Allen's race and skin color. Allen requested that her supervisor refer to her as "T." Her supervisor refused and responded with words to the effect, "you are lucky I do not call you mud."

16. As a result, Allen complained to Sherri's supervisor, Jeff, about Sherri's discriminatory treatment. Specifically, Allen told Jeff that she felt the term "mud" was used because she is African American. Jeff failed to take action on the complaint and failed to report the incident to human resources.

17. When Allen discovered that Jeff did not address the remarks made by her immediate supervisor and did not report the incident to Human Resources, Allen went to Human Resources herself and stated that she did not feel comfortable returning to work and wanted to leave work for the day.

18. As a result of Allen's complaint to Jeff and Human Resources, TFT subjected Allen to unlawful retaliation. Specifically, TFT summarily fired Allen without cause and without reason.

19. On July 5, 2019, Allen filed a complaint with the EEOC 470-2020-00150. A true and accurate copy is attached as Exhibit B.

20. On February 24, 2020, the EEOC issued a Notice of Suit Rights.

## COUNT ONE

## RACE AND COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000e et al.)

21. Allen repeats and realleges paragraphs 1 through 18 hereof, as if fully set forth herein.

22. Allen is nonwhite and African American and qualified for her position when TFT fired her.

23. Employees of TFT made discriminatory remarks to Allen regarding her race and skin color. Allen's immediate supervisor refused to refer to her in the manner that Allen

requested to be referred to and instead responded with words to the effect, "you are lucky I do not call you mud."

24. In addition, TFT marginalized Allen while treating similarly situated employees more favorably. For example, Allen's supervisor, Jeff, did not address the remarks made by her immediate supervisor and did not report the incident to Human Resources after being informed of the incident.

25. Allen suffered damages as a result of TFT's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, the costs of bringing this action, and attorney's fees.

26. TFT intentionally violated Allen's rights under Title VII, with malice or reckless indifference, and as a result, is liable for punitive damages.

**COUNT TWO**

**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**(42 U.S.C. §2000e et al.)**

27. Allen repeats and realleges paragraphs 1 through 24 hereof, as though fully set forth herein.

28. On January 8, 2019, Allen engaged in protected activity by complaining to Jeff about Sherri's discriminatory treatment based on Allen's race and skin color. Specifically, Allen told Jeff that she felt the term "mud" was used because she is African American. Jeff failed to address the remark with Sherri and failed to report the incident to Human Resources.

29. Only two weeks after Allen complained of race and color discrimination, TFT took adverse employment action against Allen and summarily fired her on January 21, 2019 without giving a reason.

30. TFT's alleged reason, or lack thereof, for terminating Allen is pretextual and baseless. TFT fired Allen because she complained of race and color discrimination on January 8, 2019 and further contacted Human Resources about Jeff's failure to report the incident or take remedial action.

31. Allen suffered damages as a result of TFT's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, the costs of bringing this action, and attorney's fees.

32. TFT intentionally violated Allen's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a) Accept jurisdiction over this matter;

b) Award plaintiff for her past and future loss of wages and benefits, plus interest;

c) Order Defendant to reinstate Plaintiff to a position comparable to her former position or, in lie of reinstatement, award her front pay, including benefits;

d) Award to Plaintiff all costs and reasonable attorney's fees incurred in connection with this action;

e) Award to Plaintiff compensatory damages;

f) Award to Plaintiff punitive damages; and

g) Award to Plaintiff such additional relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated: May 12, 2020

Lafayette, Indiana

/s/ Kyle Dietrich
Kyle Dietrich
Attorney No. 33920-79
REILING TEDER & SCHRIER, LLC
250 Main Street, Suite 601
P.O. Box 280
Lafayette, IN 47902-0280
Telephone: (765) 423-5333
Fax: (765) 423-4564
Email: kd@rtslawfirm.com
ATTORNEY FOR PLAINTIFF